UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA G. WYSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1489 (CEJ) |
| ) | |
| ROCKTENN CP, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for a determination of whether subject-matter jurisdiction exists.  See City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010) (federal courts have independent duty to determine subject matter jurisdiction).

On July 6, 2012, plaintiff Regina Wyse filed this action in the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), asserting claims of sex and age discrimination against defendant RockTenn CP, LLC.  On August 20, 2012, defendant removed the matter to this Court, asserting jurisdiction based on diversity of citizenship.  See 28 U.S.C. §§ 1332, 1441(a).

Diversity jurisdiction exists in cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs,[1] and the citizenship of each plaintiff is diverse from the citizenship of each defendant.  28 U.S.C. § 1332.  The party seeking removal has the burden to establish federal subject-matter jurisdiction.  Central Iowa Power

---

[1]The amount-in-controversy requirement is satisfied: plaintiff seeks actual damages for past and future lost income and compensatory damages for emotional pain, suffering, humiliation, fear, anxiety, dread, inconvenience, mental anguish, and loss of enjoyment of life.  She also seeks punitive damages, attorney's fees and costs.

Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904 (8th Cir. 2009).  All doubts about federal jurisdiction must be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

A removal notice must make the basis for federal jurisdiction clear and contain enough information so that the court can determine whether jurisdiction exists.  14C Charles Alan Wright et al., Federal Practice and Procedure § 3733 (4th ed. 2009).  A notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship -- the state of incorporation and the state of its principal place of business -- is defective when diversity is the basis for removal.  Id.  Because defendant is a limited liability company, the Court must examine the citizenship of each of the defendant's members to determine whether there is diversity.  GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).  In the removal notice, the plaintiff is alleged to be a Missouri citizen and defendant states that it is a limited liability company organized under the laws of Delaware with its principal place of business in Georgia.  Defendant does not identify its members nor the state(s) of which they are citizens.  Thus, the notice of removal does not allege sufficient facts to establish diversity jurisdiction.

The defendant will be given the opportunity to file an amended notice of removal setting forth facts to establish jurisdiction based on diversity of citizenship.  If jurisdiction cannot be established, this action will be remanded to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall have until **September 17, 2012**, to file an amended notice of removal setting forth facts establishing jurisdiction based on diversity of citizenship.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2012.